## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN DALE WHITFIELD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3617 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

State inmate Alan Dale Whitfield filed this *pro se* section 2254 habeas petition challenging his conviction and life sentence for murder. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

*Procedural Background*

Petitioner reports, and public state court records show, that he was convicted of murder and sentenced to life imprisonment on August 16, 2010. No direct appeal was taken. His application for state habeas relief was dismissed as non-compliant by the Texas Court of Criminal Appeals on July 18, 2012. Petitioner took no further legal action until the filing of the instant federal habeas petition on or about December 6, 2012.

*Analysis*

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner's application for state habeas relief was dismissed as non-compliant by the Texas Court of Criminal Appeals, and petitioner did not file a subsequent compliant application for state habeas relief. Consequently, petitioner has not presented the claims in the instant petition to the Texas Court of Criminal Appeals, and his federal habeas claims are unexhausted. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust. The Court expresses no opinion as to whether petitioner's claims are barred by the federal one-year statute of limitations, or whether his claims would be barred by limitations following exhaustion in state court.

*Conclusion*

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on January 7, 2013.

_____
Gray H. Miller
United States District Judge